1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH MANUEL ORTIZ,

11              Petitioner,              No. 2: 11-cv-1593 JAM GGH P

12        vs.

13   ROBERT H. TRIMBLE, Acting Warden,   FINDINGS AND RECOMMENDATIONS

14              Respondent.

15   _____/

16   Introduction

17              Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28

18   U.S.C. § 2254.  Petitioner was convicted of possession of a sharp instrument while incarcerated

19   in a penal institution with two strike priors and sentenced to a prison term of 25 years to life in

20   2008 in Sacramento County Superior Court.  See Petition, p. 1.  Petitioner challenges his

21   conviction/sentence on the following grounds: 1) ineffective assistance of counsel for

22   "cumulative reasons," including, failure to investigate accuracy of rules violation report, failure

23   to investigate/challenge credibility of prosecution witnesses, failure to object to critical evidence

24   obtained in violation of petitioner's constitutional rights, failure to object to improper

25   questioning by the prosecutor that implicated a petitioner's/defense witness's Miranda

26   rights/right not incriminate himself, failure to object to inappropriate questions of defense

1

1  witnesses by prosecution or to the harassment or badgering a defense witness, failing to

2  consider/realize prejudice to petitioner by making a comparison of him to "Al Queda" in closing

3  argument;  2) due process violation by trial court error in failing to permit jury

4  instruction/defense argument on a necessity defense theory which had supporting evidence;  3)

5  due process violation by trial judge's "abuse of discretion" in refusing to provide exculpatory

6  evidence and by permitting improper questioning by prosecutor; 4) due process violation by trial

7  judge error in failing to define "corpus delicti" and its application; 5) defense counsel grossly

8  mischaracterized probable sentence on guilty plea on strike priors and gave erroneous advice

9  regarding possible jury trial;[1] 6) the state court decision was an unreasonable application of

10 clearly established law with respect to the petitioner's contention that his possession of the

11 deadly weapon was not voluntary;7) the 25-year-to-life sentence is grossly disproportionate to the

12 offense and violates the Eighth Amendment's prohibition of cruel and unusual punishment; 8)

13 the judge, rather than the jury, determined the verdict because of the court's exclusion of the

14 necessity defense.[2]  Petition, pp. 4-12.[3]

15         Pending before the court are: 1) respondent's motion to dismiss claims one, three,

16 four, five and seven for failure to exhaust state court remedies, filed on October 28, 2011, to

17 which petitioner filed his response in the form of a 2) motion to stay, filed on January 3, 2012,[4] to

18 which respondent filed an opposition on February 6, 2012.

19 \\\\\

20

21        [1] To the extent petitioner's ground five raises any cognizable challenge with respect to a
22 possible plea bargain, it would appear to be subsumed within petitioner's ground one, ineffective
   assistance of trial counsel.

23        [2] It is possible that petitioner may have intended a further (or ninth) ground: ineffective
24 assistance of appellate counsel.  But he fails to specifically designate it as one.

25        [3] Referencing the court's electronic pagination.

26        [4] Petitioner was granted an extension of time to file his opposition, by order filed on
   November 29, 2011.

1          The exhaustion of state court remedies is a prerequisite to the granting of a

2    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

3    be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[5]  A waiver of exhaustion,

4    thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

5    providing the highest state court with a full and fair opportunity to consider all claims before

6    presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

7    Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8          On July 30, 2008, following a jury trial, petitioner was convicted of possession of

9    a dirk or dagger or sharp instrument in a prison in violation of Cal. Pen. Code § 4502(a), that

10   petitioner admitted to having been convicted of robbery in 1999 and attempted murder in 2004

11   and that he was sentenced to a term of 25 years to life.  Motion to Dismiss (MTD), p. 1,

12   respondent's Lodged Document 1.  Petitioner filed a petition for review on direct appeal to the

13   California Supreme Court on April 26, 2010, which was denied on June 9, 2010.  Id.,

14   Respondent's Lodged Documents 1 & 2.  Petitioner has confirmed respondent's contention that

15   petitioner has filed no state habeas petitions, by, on the instant habeas petition form, having

16   checked "no" to the question as to whether, other than a direct appeal, he had filed any petition or

17   application with respect to the judgment in any state or federal court [other than the present one,

18   of course].  Petition, p. 2.

19         A review of the state Supreme Court petition confirms respondent's argument that

20   petitioner has exhausted only his claims related to the defense of necessity, that is, his claims

21   two, six and eight.  The sole issue before the California Supreme Court was framed as follows:

22                On the facts of this case and where evidence indicated defendant
                 possessed the weapon solely because of fear or great bodily harm
23               from other inmates if he refused to do so, he was entitled to an
                 instruction on necessity as a defense.

24

25   ─────────────────
          [5] A petition may be denied on the merits without exhaustion of state court remedies.  28
26   U.S.C. § 2254(b)(2).

3

1   Respondent's Lodged Document 1.

2        In his motion for a stay, petitioner appears to be contending that the claims of the

3   instant petition have already been presented to the state court, but concedes that the state-

4   appointed appellate counsel did not present the issues in a "concise[] and specific manner... . [or]

5   "was unable to concisely and specifically" argue and present all of the issues.  Motion to Stay

6   (MTS), pp. 2-3.  That being the case, petitioner contends, he has provided good cause for the

7   court to grant an order to stay the petition.  In his opposition to the petitioner's motion for a stay

8   and abeyance pending exhaustion of unexhausted claims, respondent argues that petitioner is not

9   shown good cause for a stay and a stay would otherwise be futile.  Opposition (Opp.) to Motion

10  to Stay, pp. 1-6.

11       _Stay and Abeyance Legal Standards/Discussion_

12       A court may stay a petition and hold it in abeyance pursuant to either Rhines v.

13  Weber, 544 U.S. 269, 125 S.Ct. 1528 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir.

14  2009)(citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)[6]).  Kelly and

15  Rhines set out different procedures and impose different requirements for obtaining a stay.[7]

16  Under Rhines, 544 U.S. at 277-78, 125 S.Ct. at 1535, the United States Supreme Court found

17  that a stay and abeyance of a mixed federal petition should be available only in the limited

18  circumstance that good cause is shown for a failure to have first exhausted the claims in state

19  court, that the claim or claims at issue potentially have merit and that there has been no

20  indication that petitioner has been intentionally dilatory in pursuing the litigation.   Under Kelly,

21  the court may stay a petition containing only exhausted claims while allowing the petitioner to

22  _____

23      [6] Kelly was overruled on another ground by Robbins v. Carey, 481 F.3d 1143, 1149 (9th

24  Cir. 2007).

25      [7] A stay pursuant to Rhines requires a showing of good cause for failure to exhaust, a
    potentially meritorious claims and diligent pursuit of the claim.  This is a higher standard than

26  Kelly, which the court will not address as petitioner will not be provided a Kelly stay, as set forth
    below.

                                          4

1    proceed to state court to exhaust additional claims.  Id. (citing Kelly, 315 F.3d at 1070–71).

2    Once the additional claims have been exhausted, the petitioner may amend his petition to add

3    them to the original petition, provided that the claims are not time-barred (as a stay pursuant to

4    Kelly does not toll the federal limitations period with respect to the unexhausted claims).  Id. at

5    1135, 1140–41.  The court may deny a request for stay under Kelly if the new claims cannot be

6    added to the existing habeas petition after they are exhausted in state court due to the time-bar.

7    See id. at 1141.

8                    *Discussion*

9                    As to a Rhines stay, the court finds that respondent has the better argument.

10   Petitioner simply does not make any showing of good cause for having failed to present his

11   unexhausted claims.  Respondent is correct that based on the petitioner's own assertions of fact

12   in support of his claims that he appears to have been aware of the factual predicate of the

13   unexhausted claims some time ago as he alludes to having presented his claims to his state-

14   appointed attorney on direct review who he then avers was not able to argue those claims

15   specifically and concisely.  MTD, p. 3, citing MTS, p. 3.  Notwithstanding, petitioner makes no

16   showing whatever, in his petition or in his motion to stay, of any reason why he did not proceed

17   to present those claims to the highest state court via a habeas petition before proceeding to

18   federal court.  Because the court finds that petitioner has made no showing of cause, it will not

19   reach respondent's argument that the claims are meritless (although it is plain that, for example,

20   as to claim seven, in light of Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166 (2003), the claim

21   of a grossly disproportionate sentence in violation of the Eighth Amendment has no merit).

22   Therefore, because he has failed to meet his burden to show good cause for having failed to

23   exhaust the claims before proceeding to this court, this court finds he is not entitled to a Rhines

24   stay of his mixed petition.

25                    A stay pursuant to the Kelly procedure involves 1) amending the petition to delete

26   exhausted claims, 2) staying a fully exhausted petition, while petitioner proceeds to exhaust the

1  unexhausted claims in state court, then 3) following exhaustion, amending the petition in federal

2  court to include the newly-exhausted claims.  King v. Ryan, 564 F.3d at 1138-39.  While no good

3  cause showing is required, as noted, petitioner would not be permitted to proceed on time-barred

4  claims, i.e., the newly-exhausted claims must relate back to the originally exhausted claims,

5  making this form of a stay a riskier proposition.  King, 564 F.3d at 1140-1141, citing Mayle v.

6  Felix, 545 U.S. 644, 657, 125 S. Ct. 2562, 2571 (2005) (claims relate back "only when the claims

7  added by amendment arise from the same core facts as the timely filed claims... .").  That is, new

8  claims do not relate back "when the new claims depend upon events separate in 'both time and

9  type' from the originally raised episodes.'"  Mayle, 545 U.S. at 657, 125 S. Ct. at 2571 (internal

10  citation omitted).  Respondent correctly argues (Opp., p. 5) that petitioner's unexhausted claims

11  are already untimely under AEDPA, which allows a state prisoner one year from the date upon

12  which direct review concludes and the judgment becomes final, to challenge his conviction or

13  sentence, absent applicable tolling.  See § 2244(d).  The California Supreme Court denied

14  petitioner's direct appeal on June 9, 2010, and his conviction became final on September 7, 2010.

15  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of "direct review" under §

16  2244(d)(1)(A) includes the ninety-day period within which a petitioner could file a petition for a

17  writ of certiorari with the United States Supreme Court).  Petitioner filed no state habeas petition

18  prior to the expiration of the AEDPA deadline on September 6, 2010, and there is no tolling for a

19  petition filed after the AEDPA's statute of limitations expires.  See Ferguson v. Palmateer, 321

20  F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).  Further, the

21  filing of a federal petition does not toll the statute of limitations "during the pendency" of the

22  federal habeas application.  Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001).

23          However, respondent's argument for the untimeliness of any newly brought

24  claims militates as much for granting a stay of the unexhausted claims.  The key question,

25  however, is whether, assuming proper state court exhaustion, the presently unexhausted claims

26  would relate back to the original exhausted claims, that is, whether they and the original claims

6

1   "are tied to a common core of operative facts." Mayle, 545 U.S. at 664, 125 S. Ct. at 2474.

2          The court agrees with respondent that petitioner's unexhausted grounds, as

3   framed, of various claims of ineffective assistance of counsel; of due process violations by the

4   trial judge for refusing to provide exculpatory evidence and for permitting improper prosecutorial

5   questioning and for a failure to define "corpus delicti"; for ineffective assistance of counsel with

6   regard to a potential plea bargain; and for a violation of the Eighth Amendment's prohibition of

7   cruel and unusual punishment by a grossly disproportionate sentence, cannot be found to relate

8   back to petitioner's original claims, which center on the exclusion of the necessity defense.

9   Thus, petitioner is not entitled to a stay pursuant to Kelly.

10          Accordingly, IT IS HEREBY RECOMMENDED that:

11          1.  Respondent's motion to dismiss claims one, three, four, five and seven as

12   unexhausted, filed on October 28, 2011 (docket # 14), be granted and those claims be stricken;

13          2.  Petitioner's motion for a stay and abeyance pending state court exhaustion of

14   unexhausted claims, filed on January 3, 2012 (docket # 18), be denied;

15          3.  This matter proceed only as to claims two, six and eight; and

16          4.  Upon adoption of these findings and recommendations, should that occur,

17   respondent be directed to file an answer within 45 days, after which petitioner be granted 45 days

18   to file a reply/traverse.

19          These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

21   days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24   shall be served and filed within fourteen days after service of the objections.  The parties are

25   \\\\\

26   \\\\\

7

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: July 30, 2012

4

5                             <u>/s/ Gregory G. Hollows</u>
                      UNITED STATES MAGISTRATE JUDGE

6  GGH:009
   orti1593.mtd+

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26