IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH MANUEL ORTIZ,

    Petitioner,                     No. 2: 11-cv-1593 JAM GGH P

    vs.

ROBERT H. TRIMBLE, Acting Warden,    FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner was convicted of possession of a sharp instrument while incarcerated in a penal institution with two strike priors and sentenced to a prison term of 25 years to life in 2008 in Sacramento County Superior Court. See Petition, p. 1. Petitioner challenges his conviction/sentence on the following grounds: 1) ineffective assistance of counsel for "cumulative reasons," including, failure to investigate accuracy of rules violation report, failure to investigate/challenge credibility of prosecution witnesses, failure to object to critical evidence obtained in violation of petitioner's constitutional rights, failure to object to improper questioning by the prosecutor that implicated a petitioner's/defense witness's Miranda rights/right not incriminate himself, failure to object to inappropriate questions of defense

1

witnesses by prosecution or to the harassment or badgering a defense witness, failing to consider/realize prejudice to petitioner by making a comparison of him to "Al Queda" in closing argument;  2) due process violation by trial court error in failing to permit jury instruction/defense argument on a necessity defense theory which had supporting evidence;  3) due process violation by trial judge's "abuse of discretion" in refusing to provide exculpatory evidence and by permitting improper questioning by prosecutor; 4) due process violation by trial judge error in failing to define "corpus delicti" and its application; 5) defense counsel grossly mischaracterized probable sentence on guilty plea on strike priors and gave erroneous advice regarding possible jury trial;[1] 6) the state court decision was an unreasonable application of clearly established law with respect to the petitioner's contention that his possession of the deadly weapon was not voluntary;7) the 25-year-to-life sentence is grossly disproportionate to the offense and violates the Eighth Amendment's prohibition of cruel and unusual punishment; 8) the judge, rather than the jury, determined the verdict because of the court's exclusion of the necessity defense.[2]  Petition, pp. 4-12.[3]

Pending before the court are: 1) respondent's motion to dismiss claims one, three, four, five and seven for failure to exhaust state court remedies, filed on October 28, 2011, to which petitioner filed his response in the form of a 2) motion to stay, filed on January 3, 2012,[4] to which respondent filed an opposition on February 6, 2012.

\\\\\

---

[1] To the extent petitioner's ground five raises any cognizable challenge with respect to a possible plea bargain, it would appear to be subsumed within petitioner's ground one, ineffective assistance of trial counsel.

[2] It is possible that petitioner may have intended a further (or ninth) ground: ineffective assistance of appellate counsel.  But he fails to specifically designate it as one.

[3] Referencing the court's electronic pagination.

[4] Petitioner was granted an extension of time to file his opposition, by order filed on November 29, 2011.

1     The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[5] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

On July 30, 2008, following a jury trial, petitioner was convicted of possession of a dirk or dagger or sharp instrument in a prison in violation of Cal. Pen. Code § 4502(a), that petitioner admitted to having been convicted of robbery in 1999 and attempted murder in 2004 and that he was sentenced to a term of 25 years to life. Motion to Dismiss (MTD), p. 1, respondent's Lodged Document 1. Petitioner filed a petition for review on direct appeal to the California Supreme Court on April 26, 2010, which was denied on June 9, 2010. Id., Respondent's Lodged Documents 1 & 2. Petitioner has confirmed respondent's contention that petitioner has filed no state habeas petitions, by, on the instant habeas petition form, having checked "no" to the question as to whether, other than a direct appeal, he had filed any petition or application with respect to the judgment in any state or federal court [other than the present one, of course]. Petition, p. 2.

A review of the state Supreme Court petition confirms respondent's argument that petitioner has exhausted only his claims related to the defense of necessity, that is, his claims two, six and eight. The sole issue before the California Supreme Court was framed as follows:

> On the facts of this case and where evidence indicated defendant possessed the weapon solely because of fear or great bodily harm from other inmates if he refused to do so, he was entitled to an instruction on necessity as a defense.

---

[5] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

3

Respondent's Lodged Document 1.

In his motion for a stay, petitioner appears to be contending that the claims of the instant petition have already been presented to the state court, but concedes that the state-appointed appellate counsel did not present the issues in a "concise[] and specific manner... . [or] "was unable to concisely and specifically" argue and present all of the issues. Motion to Stay (MTS), pp. 2-3. That being the case, petitioner contends, he has provided good cause for the court to grant an order to stay the petition. In his opposition to the petitioner's motion for a stay and abeyance pending exhaustion of unexhausted claims, respondent argues that petitioner is not shown good cause for a stay and a stay would otherwise be futile. Opposition (Opp.) to Motion to Stay, pp. 1-6.

*Stay and Abeyance Legal Standards/Discussion*

A court may stay a petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009)(citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)[6]). Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay.[7] Under Rhines, 544 U.S. at 277-78, 125 S.Ct. at 1535, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to

---

[6] Kelly was overruled on another ground by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).

[7] A stay pursuant to Rhines requires a showing of good cause for failure to exhaust, a potentially meritorious claims and diligent pursuit of the claim. This is a higher standard than Kelly, which the court will not address as petitioner will not be provided a Kelly stay, as set forth below.

4

proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070–71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the original petition, provided that the claims are not time-barred (as a stay pursuant to Kelly does not toll the federal limitations period with respect to the unexhausted claims). Id. at 1135, 1140–41. The court may deny a request for stay under Kelly if the new claims cannot be added to the existing habeas petition after they are exhausted in state court due to the time-bar. See id. at 1141.

*Discussion*

As to a Rhines stay, the court finds that respondent has the better argument. Petitioner simply does not make any showing of good cause for having failed to present his unexhausted claims. Respondent is correct that based on the petitioner's own assertions of fact in support of his claims that he appears to have been aware of the factual predicate of the unexhausted claims some time ago as he alludes to having presented his claims to his state-appointed attorney on direct review who he then avers was not able to argue those claims specifically and concisely. MTD, p. 3, citing MTS, p. 3. Notwithstanding, petitioner makes no showing whatever, in his petition or in his motion to stay, of any reason why he did not proceed to present those claims to the highest state court via a habeas petition before proceeding to federal court. Because the court finds that petitioner has made no showing of cause, it will not reach respondent's argument that the claims are meritless (although it is plain that, for example, as to claim seven, in light of Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166 (2003), the claim of a grossly disproportionate sentence in violation of the Eighth Amendment has no merit). Therefore, because he has failed to meet his burden to show good cause for having failed to exhaust the claims before proceeding to this court, this court finds he is not entitled to a Rhines stay of his mixed petition.

A stay pursuant to the Kelly procedure involves 1) amending the petition to delete exhausted claims, 2) staying a fully exhausted petition, while petitioner proceeds to exhaust the

1  unexhausted claims in state court, then 3) following exhaustion, amending the petition in federal
2  court to include the newly-exhausted claims.  King v. Ryan, 564 F.3d at 1138-39.  While no good
3  cause showing is required, as noted, petitioner would not be permitted to proceed on time-barred
4  claims, i.e., the newly-exhausted claims must relate back to the originally exhausted claims,
5  making this form of a stay a riskier proposition.  King, 564 F.3d at 1140-1141, citing Mayle v.
6  Felix, 545 U.S. 644, 657, 125 S. Ct. 2562, 2571 (2005) (claims relate back "only when the claims
7  added by amendment arise from the same core facts as the timely filed claims... .").  That is, new
8  claims do not relate back "when the new claims depend upon events separate in 'both time and
9  type' from the originally raised episodes.'"  Mayle, 545 U.S. at 657, 125 S. Ct. at 2571 (internal
10 citation omitted).  Respondent correctly argues (Opp., p. 5) that petitioner's unexhausted claims
11 are already untimely under AEDPA, which allows a state prisoner one year from the date upon
12 which direct review concludes and the judgment becomes final, to challenge his conviction or
13 sentence, absent applicable tolling.  See § 2244(d).  The California Supreme Court denied
14 petitioner's direct appeal on June 9, 2010, and his conviction became final on September 7, 2010.
15  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of "direct review" under §
16 2244(d)(1)(A) includes the ninety-day period within which a petitioner could file a petition for a
17 writ of certiorari with the United States Supreme Court).   Petitioner filed no state habeas petition
18 prior to the expiration of the AEDPA deadline on September 6, 2010, and there is no tolling for a
19 petition filed after the AEDPA's statute of limitations expires.  See Ferguson v. Palmateer, 321
20 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).  Further, the
21 filing of a federal petition does not toll the statute of limitations "during the pendency" of the
22 federal habeas application.  Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001).
23         However, respondent's argument for the untimeliness of any newly brought
24 claims militates as much for granting a stay of the unexhausted claims.  The key question,
25 however, is whether, assuming proper state court exhaustion, the presently unexhausted claims
26 would relate back to the original exhausted claims, that is, whether they and the original claims

"are tied to a common core of operative facts." Mayle, 545 U.S. at 664, 125 S. Ct. at 2474.

The court agrees with respondent that petitioner's unexhausted grounds, as framed, of various claims of ineffective assistance of counsel; of due process violations by the trial judge for refusing to provide exculpatory evidence and for permitting improper prosecutorial questioning and for a failure to define "corpus delicti"; for ineffective assistance of counsel with regard to a potential plea bargain; and for a violation of the Eighth Amendment's prohibition of cruel and unusual punishment by a grossly disproportionate sentence, cannot be found to relate back to petitioner's original claims, which center on the exclusion of the necessity defense. Thus, petitioner is not entitled to a stay pursuant to Kelly.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss claims one, three, four, five and seven as unexhausted, filed on October 28, 2011 (docket # 14), be granted and those claims be stricken;

2. Petitioner's motion for a stay and abeyance pending state court exhaustion of unexhausted claims, filed on January 3, 2012 (docket # 18), be denied;

3. This matter proceed only as to claims two, six and eight; and

4. Upon adoption of these findings and recommendations, should that occur, respondent be directed to file an answer within 45 days, after which petitioner be granted 45 days to file a reply/traverse.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\\

\\\\\

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: July 30, 2012

<u>/s/ Gregory G. Hollows</u><br>
UNITED STATES MAGISTRATE JUDGE

GGH:009
orti1593.mtd+